THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:14-CR-90-FL

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| GLEN ALLEN STEWART, JR. | ) | |

This matter comes now for trial commencing October 14, 2014, on motions in limine filed by the government (DE 41) and defendant (DE 45, 54). Defendant did not respond to the government's motion, and the deadline for response has passed. The government has responded to both of defendant's motions. In this posture, the issues raised are ripe for consideration. For the reasons that follow, the court grants in part, and denies in part, the government's motion. It grants in part, and denies in part, defendant's first motion in limine (DE 45), and denies defendant's supplemental motion in limine. (DE 54).

**BACKGROUND**

Defendant was indicted on May 13, 2014, on one count of knowingly possessing in and affecting commerce, a firearm and ammunition, having previously been convicted of a crime punishable by imprisonment for a term exceeding one year, in violation of 18 U.S.C. §§ 922(g)(1) and 924. The government alleges the following:

On the night of December 6, 2013, police observed defendant driving a black Chevrolet Impala that was registered to Angeline McKoy Ferguson ("Ferguson"). Another individual, Terrance Robinson, sat in the front passenger's seat. Noting that the vehicle's registration had expired, police initiated a stop. Upon approaching the vehicle, the officers observed a gun

protruding from the center console, and ordered the defendant out of the vehicle. After exiting the vehicle, defendant ran. Police eventually caught him and returned to the vehicle, recovering a .45 caliber pistol with extended magazine, and 58 rounds of .45 caliber ammunition. Defendant was then placed under arrest.

After police gave defendant *Miranda* warnings, defendant stated that the firearm belonged to his aunt and had not been stolen. On May 30, 2014, defendant was reinterviewed after again receiving *Miranda* warnings. He repeated that the gun belonged to his aunt, and also stated that the other passenger had handled the firearm 15 to 20 minutes before the stop. Defendant said that the other passenger had placed the firearm in the center console when the police stopped his car. The defendant also stated that the passenger breaks into homes.

According to the government, after defendant was released on bond from the December 2013 arrest, he was observed by a sheriff's deputy in Florida on March 20, 2014, driving a black Chevrolet Tahoe, also registered to Ferguson. Defendant was alone. Upon learning that the vehicle's registration was revoked, the deputy stopped the vehicle. Defendant identified himself as Alphonso Bristow Jr. and gave the deputy a driver's license and Social Security card bearing that name. The deputy then discovered defendant's true identity, and arrested him for obstruction of justice. Another deputy conducted an inventory search, finding seven rounds of 9 mm ammunition, a black ski mask, and gloves in the magazine pockets behind the front seats.

Defendant has prior convictions from March 16, 2011, on two counts for being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924.

2

**COURT'S DISCUSSION**

A.      Government's Motion in Limine

The government moves for an order instructing defense counsel and witnesses to refrain from directly or indirectly referencing evidence regarding certain out-of-court statements made by defendant. Specifically, the government refers to the statements that defendant made on December 6, 2013, and May 30, 2014, related to the firearm found during the stop. The government states that it does not intend to offer these statements into evidence. It argues that, if defendant attempts to introduce them, such statements constitute will hearsay under Federal Rule of Evidence 801(c).

Federal Rule of Evidence 801(c) provides that "hearsay" is a statement that (1) the declarant does not make while testifying at the current trial or hearing; and (2) a party offers in evidence to prove the truth of the matter asserted in the statement. Certain statements are defined as being "not hearsay," Fed. R. Evid. 801(d), and others are considered exceptions to the rule against hearsay. Fed. R. Evid. 803, 804. The government's concerns are well-taken. However, without additional information concerning the circumstances under which these statements may be offered by defendant, it is premature to issue an order categorically excluding them from trial. As to these statements, the government's motion is denied, without prejudice. Should defendant seek to introduce any of these statements during trial, defendant shall alert the court sufficiently in advance to permit upon any renewal by the government of its objection, opportunity to consider the issues then raised in context, outside the presence of the jury.

The government also moves for the court to issue order preventing defense counsel or any witness to reference the potential sentence defendant may face if convicted. The government argues that this information is irrelevant to defendant's guilt or innocence.

3

Evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action." Fed. R. Evid. 401. The "basic standard of relevance . . . is a liberal one." Daubert v. Merrell Dow Pharm., Inc., 509 U.S. 579, 587 (1993). Irrelevant evidence is not admissible. Fed. R. Evid. 402. Under Rule 403, the court may exclude otherwise relevant evidence if its probative value is "substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403. "Because the evidence sought to be excluded under Rule 403 is concededly probative, the balance under Rule 403 should be struck in favor of admissibility, and evidence should be excluded only sparingly." United States v. Aramony, 88 F.3d 1369, 1378 (4th Cir. 1996).

Defendant has not offered any relevant purpose for introducing this evidence. Even if such relevant purpose existed, the court is hard-pressed to conceive of any circumstance where the probative value of this evidence would not be substantially outweighed by risk of the negative considerations noted in Rule 403. Accordingly, the court will grant the government's motion with respect to evidence regarding defendant's potential sentence.

B.  Defendant's Motions in Limine

   1.   Evidence of March 2014 Possession of Ammunition

Defendant seeks to prohibit the government from introducing evidence regarding the March 2014 traffic stop in Florida, including evidence of the ammunition, ski mask and gloves seized from the vehicle. Rule 404(b) states that evidence of "other crimes, wrongs, or acts is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b). However, such evidence "may be admissible

4

for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Id.

Generally, Rule 404(b) is an "inclusive rule" which "admits all evidence of other crimes (or acts) relevant to an issue in a trial except that which tends to prove only criminal disposition." United States v. Masters, 622 F.2d 83, 85 (4th Cir. 1980). Evidence regarding prior acts is admissible when:

> (1) the prior act evidence must be relevant to an issue other than character, such as intent; (2) it must be necessary to prove an element of the crime charged; (3) it must be reliable; and (4) as required by Federal Rule of Evidence 403, its probative value must not be substantially outweighed by its prejudicial nature.

United States v. Queen, 132 F.3d 991, 995 (4th Cir. 1997).

The government has provided notice of its intent to use evidence regarding the traffic stop, arguing that the evidence is relevant and necessary to prove defendant's knowledge and intent. (DE 36 at 5). Defendant challenges the evidence's admissibility on all four prongs of the Queen test.

As an initial matter, the government has stated that it has no objection to excluding the evidence of the ski mask and gloves found in defendant's vehicle on March 2014. The court agrees that the risk of unfair prejudice from this evidence substantially outweighs its probative value under Rule 403, and will grant defendant's motion as it pertains to this evidence.

Concerning the possession of ammunition, defendant argues that the Rule 404(b) evidence was not relevant to any issue other than character. However, defendant's intent and knowledge of the firearm and ammunition in December 2013 is at issue. "[A] felon's possession of a firearm must be both voluntary and intentional to be punishable under § 922(g)(1)." United States v. Scott, 424 F.3d 431, 435 (4th Cir. 2005). Possession may be actual or constructive. United States v. Al Sabahi, 719 F.3d 305, 311 (4th Cir. 2013). The government can prove constructive possession by showing

5

that defendant "intentionally exercised dominion and control over the firearm, or had the power and the intention to exercise dominion and control over the firearm." Id.

Evidence of prior firearm possession is admissible in cases such as this because, "where a defendant is charged with unlawful possession of something, evidence that he possessed the same or similar things at other times is often quite relevant to his knowledge and intent with regard to the crime charged." United States v. Brown, 398 F. App'x 915, 917 (4th Cir. 2010) (quoting United States v. Cassell, 292 F.3d 788, 793 (D.C. Cir. 2002)). Evidence of the possession of ammunition may also be used to demonstrate intent to possess firearms and ammunition. United States v. Robinson, 13 F. App'x 193, 194 (4th Cir. 2001). In addition, numerous cases have held that evidence regarding instances of firearm possession may be admissible to show a defendant's knowledge and intent regarding firearms possession on another occasion. United States v. Byers, 649 F.3d 197, 208-9 (4th Cir. 2011); United States v. Comstock, 412 F. App'x 619, 624 (4th Cir. 2011) (citing United States v. Teague, 737 F.2d 378, 381 (4th Cir. 1984)); United States v. Trent, 443 F. App'x 860, 862-63 (4th Cir. 2011); Brown, 398 F. App'x at 917; United States v. Griggs, 241 F. App'x 155, 159-60 (4th Cir. 2007); United States v. McDonald, 211 F. App'x 222, 225 (4th Cir. 2007). The evidence that defendant possessed ammunition in March 2014 is relevant to whether he had knowledge and intent to possess the firearms and ammunition on the date charged in the indictment.

Instead of the line of cases noted above, defendant directs the court to United States v. Tate, 715 F. 2d 864 (4th Cir. 1983). In Tate, defendant was charged with receipt of a firearm after police stopped him in his wife's car in June 1981 and discovered two pistols in the trunk. Id. at 865. The district court allowed the government to introduce evidence that "defendant had been seen in

6

possession of a pistol some time during the first part of 1981, before June of that year." Id. at 866. The Fourth Circuit held that "possession by the defendant of a different gun on a previous occasion has no relevance to the issue of whether the defendant knew on the day he was stopped that the two pistols were in the trunk of his wife's car." Id. at 866.

Tate preceded the numerous decisions cited above. In Trent, the Fourth Circuit distinguished Tate, finding that in Tate, "the challenged evidence concerned a prior incident unlike the one for which Tate was convicted. Here, by contrast, the prior incidents closely resemble the offense of conviction." Trent, 443 F. App'x at 863. As alleged, the March 2014 incident also closely resembles the offense charged. In both cases, defendant was allegedly stopped for driving a black Chevrolet with invalid registration, both vehicles were registered to the same individual, and both times defendant allegedly attempted to evade detection – by fleeing in North Carolina, and by presenting false identification in Florida. Moreover, the two events are separated by only three months. See Griggs, 241 F. App'x at 159 (finding that evidence of firearms discovered four months prior to defendant's arrest was admissible because "[t]he similarity of the conduct alleged and the closeness in time of the offenses tends to demonstrate Griggs' knowledge and intent.").

Defendant attempts to minimize the resemblance by pointing out differences in the events, noting that the stops occurred in two different jurisdictions, that no passenger was present in the Florida stop, that the two vehicles were different and that the caliber of ammunition found differed. Regarding the different jurisdictions, other cases have found Rule 404(b) evidence admissible despite such a distinction. Griggs, 241 F. App'x at 157-60 (allowing admission of prior illegal firearms possession in North Carolina for prosecution of an offense in South Carolina); United States v. Van Metre, 150 F.3d 339, 345, 350-52 (4th Cir. 1998) (allowing admission of 404(b)

7

evidence from Pennsylvania for prosecution of offense in Maryland). Other differences noted are not significant enough to warrant exclusion of the evidence. "[C]onduct need not be identical to the conduct charged," but only "similar enough to be probative . . . ." Van Metre, 150 F.3d at 350. As alleged, the similarities between these two incidents are close enough to be probative.

Defendant also argues that the relevance of the March 2014 stop is diminished because it occurred subsequent to the offense charged. As noted, evidence of other instances of firearm possession is usually admissible because "where a defendant is charged with unlawful possession of something, evidence that he possessed the same or similar things at other times is often quite relevant to his knowledge and intent." Brown, 398 F. App'x at 917. It seems of little import whether the "other times" of possession preceded or followed the offense charged. Accordingly, the Fourth Circuit has found 404(b) evidence of firearms or ammunition admissible in other cases, regardless of whether the event occurred subsequent to the offense. Comstock, 412 F. App'x at 621, 624; Robinson, 13 F. App'x at 194. Likewise in this case, the fact that the March 2014 followed the charged offense is not determinative.

Defendant next argues that the evidence is not necessary to prove any essential element of the crime. "Evidence is necessary where, considered in the light of other evidence available to the government . . . it is an essential part of the crimes on trial, or where it furnishes part of the context of the crime." Queen, 132 F. 3d at 998 (citation and quotation marks omitted). "That the evidence [is] not critical to the prosecution's case . . . does not render it unnecessary for purposes of Rule 404(b), as *Queen's* second prong focuses on whether the evidence is necessary in the sense that it is probative of an essential claim or an element of the offense." United States v. Rooks, 596 F.3d 204, 211-12 (4th Cir. 2010). Moreover, "a defendant's plea of not guilty places at issue all elements

8

of the charged crimes," including intent and knowledge.  See United States v. McBride, 676 F.3d 385, 398 (4th Cir. 2012); see also Robinson, 13 F. App'x at 194 ("Robinson's not guilty plea placed his intent to conspire to steal and possess firearms and ammunition at issue . . . ."); United States v. Sanchez, 118 F.3d 192, 196 (4th Cir. 1997) ("A not-guilty plea puts one's intent at issue and thereby makes relevant evidence of similar prior crimes when that evidence proves criminal intent.").  The evidence is therefore necessary to show those elements.  See Trent, 443 F. App'x at 862-63 (holding that evidence of prior firearm possession was necessary to show defendant's state of mind with respect to handgun discovered in defendant's vehicle).

Defendant also argues that the Rule 404(b) evidence is not reliable because the events regarding the March 2014 incident have not been adjudicated by a court or jury.  However, the admissibility of Rule 404(b) evidence does not hinge on a conviction or proof beyond a reasonable doubt; there need only be "proof such that a reasonable juror could find that the defendant committed the prior act by a preponderance of the evidence."  United States v. Kenny, 973 F.2d 339, 344 (4th Cir. 1992).  On other occasions, the Fourth Circuit has admitted Rule 404(b) evidence without requiring that the defendant actually be convicted for the other conduct.  See Comstock, 412 F. App'x at 423-24 (admitting video evidence of defendant carrying a gun into the woods to show that defendant knowingly and voluntarily had possession of a gun on a later occasion); Queen, 132 F. 3d at 993, 998 (admitting evidence that defendant had previously tampered with witnesses in prior case; no indication that defendant was convicted of earlier tampering); Teague, 737 F.2d at 379, 381 (no indication that defendant was convicted for subsequent firearm possession that was admitted as Rule 404(b) evidence).  Should there be reason to doubt the reliability of the means used to present

9

evidence of the March 2014 incident at trial, defendant may raise this objection again. Yet the mere fact that the incident has not been tried does not require exclusion.

Finally, defendant argues that the probative value of the evidence is substantially outweighed by the danger of unfair prejudice, confusion of the issues, and needlessly presenting cumulative evidence. Especially when the evidence regarding the ski mask and gloves is excluded, and upon a proper limiting instruction, the risk of these factors will not outweigh the evidence's probative value. Such a finding is in keeping with the weight of the caselaw on this issue. Trent, 443 F. App'x at 863 (holding that probative value was not substantially outweighed; evidence of prior incidents only damaged defendant's case by suggesting a legitimate inference of knowing possession, and court issued a limiting instruction); Griggs, 241 F. App'x at 159 ("[T]he district court minimized the risk of unfair prejudice by explaining repeatedly the proper uses of other crimes evidence at the time the evidence was introduced, as well as in the jury charge prior to deliberation."); Teague, 737 F. 2d at 381 (holding that court did not err in admitting 404(b) evidence, in part, because it gave a proper jury charge following introduction of the evidence.).

Defendant may tender a proposed limiting instruction on this issue of entry into evidence matters pertaining to the March 2014 traffic stop at or before trial. At this stage, based on the arguments presented, defendant's motion (DE 45) is denied as to this evidence.

2. Evidence of Prior Convictions

Defendant also moves the court to exclude evidence pertaining to defendant's previous convictions from March 16, 2011, on two counts of being a felon in possession of a firearm. One of the counts of conviction allegedly arises from an incident when officers responded to a call regarding shots fired into a dwelling. When the officers arrived at the scene, they saw defendant put

10

a .38 caliber handgun under a vehicle and flee. The second count, to which defendant pleaded guilty, arises from an incident where defendant attacked a victim with a handgun. The government states that it seeks to introduce only the facts of the charges and convictions, without introducing the underlying factual circumstances.

Defendant has not raised an issue regarding the reliability of the evidence of the convictions. In addition, these prior convictions are relevant and necessary to proving his knowledge and intent in possessing the firearm at issue. Brown, 398 F. App'x at 917 ("[B]ecause Brown denied he had knowledge of the revolver, the prior conviction had clear probative value in rebutting this defense.") (brackets and quotation marks omitted); United States v. Melvin, No. 05-4997, 2007 WL 2046735, at *13-14 (4th Cir. July 13, 2007) (holding that circumstances regarding prior conviction for transportation of a firearm were admissible to establish knowing and intentional possession of firearm recovered from defendant's vehicle); see also Rooks, 596 F.3d at 211 (holding that evidence of federal convictions for narcotics trafficking was relevant and necessary to proving that defendant intended to distribute seized drugs); United States v. Hassanzadeh, 271 F.3d 574, 578 (4th Cir. 2001) (holding that evidence of prior conviction for illegally importing Iranian carpets was relevant and necessary to establish knowledge in subsequent case for importing such carpets).

Defendant again relies heavily on Tate for his objection. In particular, defendant argues that the challenged convictions involved circumstances unlike the offense charged. Defendant argues that Tate, along with Trent, illustrate that these prior incidents do not "closely resemble" the current offense. (Def.'s Supplemental. Mot. In Limine, 4) (DE 54).

However, neither Tate nor Trent make clear that the Rule 404(b) evidence introduced in those cases was a conviction for a previous crime, as opposed to facts regarding a previous instance

11

of firearms possession. When Rule 404(b) evidence is in the form of a conviction for the same crime that is being tried, and when knowledge is an element of that crime, the relevance of the prior conviction is clear. See Byers, 649 F.3d at 209 ("Put simply, the fact that the defendant knowingly possessed a firearm in a car on a previous occasion makes it more likely that he knowingly did so this time as well, and not because of accident or mistake.") (quoting United States v. Jernigan, 341 F.3d 1273, 1281-82 (11th Cir. 2003)) (brackets omitted); Comstock, 412 F. App'x at 624 ("The fact that defendant *knowingly* possessed a firearm in the past supports the inference that he had the same knowledge in the context of the charged offense.") (quoting United States v. Moran, 503 F.3d 1135, 1144 (10th Cir. 2007)) (brackets omitted); see also Comstock, 412 F. App'x at 624 ("A prior history of intentionally possessing guns is certainly relevant to the determination of whether a person in proximity to such a chattel on the occasion under litigation knew what he was possessing and intended to do so.") (quoting Cassell, 292 F. 3d at 794-95 (ellipsis omitted)).

On several occasions, the Fourth Circuit has found evidence of prior convictions for the same crime admissible without undertaking a discussion of the facts underlying those convictions. United States v. White, 519 F. App'x 797, 806 (4th Cir. 2013) (finding prior narcotics convictions relevant to show knowledge and intent because the prior convictions "were similar to the *charges* they faced in this case.") (emphasis added); Rooks, 596 F.3d at 207-208, 211-12 and n. 2 (holding that prior federal drug convictions were admissible to show that Rooks intended to distribute drugs that he possessed, noting only that the prior convictions were for conspiracy to distribute and possess with intent to distribute cocaine and crack, distribution of cocaine, and distribution of crack); Hassanzadeh, 271 F.3d at 578 (finding evidence sufficiently probative of knowledge, noting that

12

"evidence of the 1997 conviction is particularly salient because it involves a recent [smuggling] offense identical to the one at issue here.").

Brown and Comstock cited favorably to a Tenth Circuit case, Moran. Comstock, 412 F. App'x at 624; Brown, 398 F. App'x at 917. In Moran, the government introduced evidence of a prior conviction for being a felon in possession of a firearm in order to prove that the defendant "knowingly possessed" the firearm in the charged offense. Moran, 503 F.3d at 1144. The court reasoned that, "[b]ecause the prior conviction required the same knowledge, evidence of the conviction had a tendency to make the existence of Mr. Moran's knowledge of the rifle in the present case more probable than it would be without the evidence." Id. It explained that "the fact that Mr. Moran *knowingly* possessed a firearm in the past supports the inference that he had the same knowledge in the context of the charged offense." Id. The court held such evidence "admissible under Rule 404(b) as long as it tends to prove something other than criminal propensity." Id. at 1145; see also Masters, 622 F.2d at 85 (holding that Rule 404(b) "admits all evidence of other crimes (or acts) relevant to an issue in a trial except that which tends to prove *only* criminal disposition.") (emphasis added). Defendant argued that the prior conviction was not similar in nature to the charged offense. Moran, 503 F.3d at 1145. Yet, without detailing the facts underlying the two charges, the court stated that "[A]s we explain above, the prior act was sufficiently similar to have probative value in proving knowledge." Id.

In light of Fourth Circuit precedent noted above, as supplemented by the persuasive reasoning of Moran, the court finds that the facts of prior knowledge of firearm possession set forth in earlier convictions are sufficiently similar to the events alleged here to have probative value for knowledge.

13

The question remains whether the probative value of the prior convictions is substantially outweighed by unfair prejudice, confusion, or the other negative factors of Rule 403. Evidence should be excluded under Rule 403 as unfairly prejudicial "when there is a genuine risk that the emotions of a jury will be excited to irrational behavior and this risk is disproportionate to the probative value of the offered evidence." United States v. Williams, 445 F.3d 724, 730 (4th Cir. 2006). Again, as noted above, "the balance under Rule 403 should be struck in favor of admissibility, and evidence should be excluded only sparingly." Aramony, 88 F.3d at 1378.

Here, the government proposes to limit the evidence to the identification of the previous convictions and the charges of conviction, without introducing the underlying factual circumstances of those convictions. This adequately ensures that the evidence will be limited to the fact that gives these convictions their probative value – that plaintiff knowingly possessed a firearm on two previous occasions – while minimizing the risk of exciting the jury's emotions. When admitted along with an appropriate limiting instruction, the risk of unfair prejudice from this evidence will not substantially outweigh its probative value. See United States v. Powers, 59 F.3d 1460, 1468 (4th Cir. 1995) ("[C]autionary or limiting instructions generally obviate any such prejudice."); see also United States v. Burton, 155 F. App'x 92, 95 (4th Cir. 2005) (holding that district court in felon-in-possession case did not err in admitting stipulation describing prior convictions for illegal possession of a firearm, where stipulation excluded details regarding the circumstances of prior convictions and included only identification of the convictions, and court issued limiting instructions).

Defendant argues that the Supreme Court case of Old Chief v. United States, 519 U.S. 172 (1996) prohibits the introduction of the convictions. In Old Chief, the district court refused a defendant's offer to stipulate to his status as a felon under § 922(g)(1) and instead allowed the

14

prosecution to introduce the order of judgment and commitment for the defendant's prior conviction. Id. at 648. The Supreme Court held that this was error under Rule 403. Id. at 191-92. Defendant asserts that this case controls because he, too, agrees to stipulate to his felon status.

In Melvin, the Fourth Circuit held that "Old Chief does not control a case where the prior conviction evidence is offered to prove an issue which Rule 404(b) specifically permits to be proven by other crimes evidence, assuming the issue is relevant and subject, of course, to Rule 403 balancing." Melvin, 2007 WL 2046735, at *14. Because "the circumstances surrounding [defendant's] prior conviction, which involved possession of a firearm, was admitted under Rule 404(b) to establish [defendant's] knowing and intentional possession of the weapon recovered in [his vehicle]," the court found Old Chief inapplicable. The same analysis applies here. Because defendant's prior conviction is proposed to be used to establish knowing and intentional possession of the ammunition and weapon recovered in December 2013, it should be admitted.

As a final argument, defendant asserts that these issues are not ripe because defendant has not yet argued that he did not know about the firearm. As noted above, however, "a defendant's plea of not guilty places at issue all elements of the charged crimes," including intent and knowledge. McBride, 676 F.3d at 398 (4th Cir. 2012); see also Sanchez, 118 F.3d at 196; Robinson, 13 F. App'x at 194 ("Robinson's not guilty plea placed his intent to conspire to steal and possess firearms and ammunition at issue . . . ."). Defendant has given no indication that he will admit knowledge or intent. Without this assurance, the government is entitled to present this evidence. See McDonald, 211 F. App'x at 225 (holding that government could to present prior convictions for drug offenses, even though defendant later took the stand and acknowledged possessing cocaine with intent to distribute, because the defendant had consistently maintained innocence prior to trial and there was

15

no way for the government to know that he would make such a concession.). Should defendant subsequently indicate that he does not intend to contest knowledge or intent, the issue may be revisited.

As with the March 2014 traffic stop, a proposed limiting instruction may be tendered on this issue at or before start of trial.

## CONCLUSION

In accordance with the foregoing:

1. The government's motion in limine (DE 41) is GRANTED in part, and DENIED in part:

    a. As to defendant's statements made on December 6, 2013, and May 30, 2014, the government's motion is denied, without prejudice; and

    b. As to the government's motion with respect to evidence regarding defendant's potential sentence if convicted, in this part the motion is granted.

2. Defendant's first motion in limine (DE 45) is GRANTED in part, and DENIED in part:

    a. The motion is granted with respect to the black ski mask and gloves seized from the vehicle; and

    b. Defendant's motion is denied with respect to other evidence regarding the stop, including the 9 mm ammunition.

3. Defendant's supplemental motion in limine (DE 54) is DENIED; and

4. Also where the government's limiting instruction regarding Rule 404(b) evidence

16

has been received, proposed limiting instructions are solicited from defendant on the matters raised.

SO ORDERED, this the 6th day of October, 2014.

_____
LOUISE W. FLANAGAN
United States District Judge

17