IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:14-CR-90-FL-1
No. 5:16-CV-432-FL

| | | |
|---|---|---|
| GLEN ALLEN STEWART, JR., | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court on petitioner's motion to reopen (DE 172) and motion to appoint counsel (DE 173). The issues raised are ripe for ruling. For the reasons that follows, the court denies petitioner's motions.

**BACKGROUND**

On May 13, 2014, petitioner was charged in a single-count indictment with being a convicted felon in possession of a firearm and ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). At his arraignment, held August 12, 2014, petitioner pleaded not guilty. Following a three-day trial, petitioner was found guilty.

On January 6, 2015, this court sentenced petitioner to 120 months imprisonment. Petitioner appealed this court's judgment. On October 13, 2015, the Fourth Circuit Court of Appeals affirmed the opinion of this court. See United States v. Stewart, 628 F. App'x 179 (4th Cir. 2015). Petitioner filed a petition for certiorari with the Supreme Court, which was denied on February 29, 2016. See Stewart v. United States, 136 S. Ct. 1227 (2016).

On August 7, 2015, petitioner filed his first motion to vacate pursuant to 28 U.S.C. § 2255.

The motion was voluntarily dismissed on April 26, 2016. On June 20, 2016, petitioner filed a § 2255 motion, alleging multiple reasons for the court to vacate, set aside, or correct sentence, including that U.S.S.G. §2K2.1 is invalid following the Supreme Court's decision in <u>Johnson v. United States</u>, 135 S. Ct. 2551 (2015). The court denied petitioner's § 2255 motion and rejected petitioner's <u>Johnson</u> challenge in light of the Supreme Court's decision in <u>Beckles v. United States</u>, 137 S. Ct. 886 (2017). On August 3, 2017, petitioner filed the instant motion to reopen, alleging only that in light of <u>Johnson</u>, petitioner's sentence should be revised. On November 7, 2017, petitioner filed the instant motion to appoint counsel, citing <u>United States v. Taylor</u>, 873 F.3d 476, 482 (5th Cir. 2017) in support.

Petitioner's motion to reopen attacks his underlying conviction; the court thus construes his motion as second or successive petition to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. Such a petition may not be brought prior to receiving certification from the United States Court of Appeals for the Fourth Circuit that the new petition contains either newly discovered evidence or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255; see <u>United States v. Winestock</u>, 340 F.3d 200, 205 (4th Cir. 2003). Plaintiff presents no such certification. Accordingly, petitioner's § 2255 claim must be dismissed.

Regarding petitioner's motion to appoint counsel, there is no constitutional right to counsel in § 2255 proceedings. See <u>Pennsylvania v. Finley</u>, 481 U.S. 551, 555 (1987) ("We have never held that prisoners have a constitutional right to counsel when mounting collateral attacks upon their convictions[.]"); <u>United States v. Williamson</u>, 706 F.3d 405, 416 (4th Cir. 2013). Petitioner has failed to demonstrate circumstances warranting the appointment of counsel. Consequently,

petitioner's motion for appointment of counsel must be denied.[1]

## CONCLUSION

Based on the foregoing, petitioner's motion to reopen (DE 172) is DISMISSED and motion to appoint counsel (DE 173) is DENIED. The clerk is DIRECTED to close this case.

SO ORDERED, this the 8th day of November, 2017.

LOUISE W. FLANAGAN
United States District Judge

---

[1] Petitioner's citation to Taylor in his motion to appoint counsel is inapposite. Petitioner in Taylor was sentenced under the Armed Career Criminal Act. See Taylor, 873 F. 3d at 482. Here, petitioner was sentenced pursuant to the Sentencing Guidelines. See Beckles v. United States, 137 S. Ct. 886, 894 (2017) (holding "the Guidelines are not amenable to a vagueness challenge.").