OIN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:14-CR-90-FL-1
NO. 5:19-CV-303-FL

| | |
|---|---|
| GLEN ALLEN STEWART, JR., ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

This matter is before the court on petitioner's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (DE 181, 183), and on respondent's motion to dismiss (DE 192).[1] Pursuant to 28 U.S.C. § 636(b)(1)(B), United States Magistrate Judge Robert T. Numbers, II, entered a memorandum and recommendation ("M&R") (DE 196), wherein it is recommended that the court deny petitioner's motion and grant respondent's motion. Thereafter, petitioner objected to the M&R. In this posture, the issue raised are ripe for ruling. For the following reasons, the court adopts the M&R, dismisses petitioner's § 2255 motion, and grants respondent's motion to dismiss.

## BACKGROUND

On October 16, 2014, a jury convicted petitioner of possession of a firearm and ammunition by a person previously convicted of a felony, in violation of 18 U.S.C. § 922(g). The court sentenced petitioner to 120 months' imprisonment and three years' supervised release on January

---

[1] Also pending is petitioner's motion for compassionate release (DE 207), which the court will address by separate order.

6, 2015. Petitioner noticed direct appeal of the court's judgment, and the United States Court of Appeals for the Fourth Circuit affirmed on October 13, 2015. Petitioner filed his first motion to vacate his sentence on August 7, 2015, but later voluntarily dismissed it. On June 20, 2016, petitioner filed his second motion to vacate. The court denied the motion on the merits on July 17, 2017, and petitioner did not appeal.

Petitioner filed the instant third motion to vacate on July 29, 2019, alleging that his § 922(g) conviction should be vacated pursuant to Rehaif v. United States, 139 S. Ct. 2191 (2019), and that his sentencing enhancement under U.S.S.G. § 2K2.1 is invalid under current law. Respondent filed the instant motion to dismiss on February 25, 2019, arguing that petitioner's claims should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6). In M&R entered January 11, 2020, the magistrate judge recommends dismissal of the § 2255 motion on the basis that U.S.S.G. § 2K2.1 is not subject to void-for-vagueness challenges, and the Rehaif claim is barred as an attempt to file unauthorized second or successive § 2255 motion and as procedurally defaulted.

## DISCUSSION

A.  Standard of Review

The district court reviews de novo those portions of the M&R to which specific objections are filed. 28 U.S.C. § 636(b). The court does not perform a de novo review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983).

Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

A petitioner seeking relief pursuant to 28 U.S.C. § 2255 must show that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the Court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." 28 U.S.C. § 2255(b). "The Federal Rules of Civil Procedure and the Federal Rules of Criminal Procedure, to the extent that they are not inconsistent with any statutory provisions, or the [§ 2255 Rules], may be applied to" § 2255 proceedings. Rules Governing Section 2255 Proceedings, Rule 12.

B.  Analysis

The court adopts the M&R to the extent it finds that the court lacks jurisdictions to consider the instant § 2255 motion because petitioner has not obtained authorization from the Fourth Circuit to file a second or successive § 2255 motion. The instant motion is second or successive where the court denied petitioner's second motion to vacate on the merits, (see DE 170), and the instant motion seeks to challenge petitioner's judgment of conviction on grounds that could have been raised in the first application. See In re Gray, 850 F.3d 139, 141, 143–44 & n.4 (4th Cir. 2017); United States v. Hairston, 754 F.3d 258, 261–62 (4th Cir. 2014). Pursuant to 28 U.S.C. § 2255(h), a second or successive motion to vacate "must be certified as provided in [28 U.S.C. § 2244] by a panel of the appropriate court of appeals." In the absence of authorization from the court of appeals, this court lacks jurisdiction to consider a second or successive motion to vacate. See

3

United States v. Winestock, 340 F.3d 200, 205 (4th Cir. 2003). Because petitioner has not obtained authorization from the Fourth Circuit to file the instant motion, the magistrate judge correctly concluded that the court lacks jurisdiction to consider petitioner's claims.[2] Upon de novo review of the claims asserted and the record in this case, the court overrules the objections and adopts the findings and recommendation in the M&R to the extent the magistrate judge found the court lacks jurisdiction to entertain the instant motion.

C.    Certificate of Appealability

A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner must demonstrate that reasonable jurists could debate whether the issues presented should have been decided differently or that they are adequate to deserve encouragement to proceed further. Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000). After reviewing the claims presented on collateral review in light of the applicable standard, the court finds that a certificate of appealability is not warranted.

## CONCLUSION

Based on the foregoing, the court ADOPTS the M&R (DE 196) on the terms set forth above. Petitioner's motion to vacate, set aside, or correct his sentence (DE 181, 183) is DISMISSED without prejudice, and respondent's motion to dismiss (DE 192) is GRANTED. A

---

[2]    Notably, the Fourth Circuit recently denied petitioner's motion for authorization to file second or successive § 2255 habeas petition in this court. See In re Stewart, No. 20-198 (4th Cir. Sept. 14, 2021).

certificate of appealability is DENIED. The clerk is DIRECTED is close the instant § 2255 proceedings.

SO ORDERED, this the 25th day of January, 2022.

                                                              LOUISE W. FLANAGAN
                                                              United States District Judge